# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TEAJAY BOLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV423-300 |
| | ) |
| STATE OF GEORGIA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Magistrate Judge's November 14, 2023 Report and Recommendation, (doc. 5), to which no objections[1] have been filed. After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendation. The Court, therefore, **ADOPTS**

---

[1] Petitioner did submit a document in the form of correspondence addressed to the Magistrate Judge. *See* doc. 6. That correspondence indicates his agreement with the Magistrate Judge's conclusion that his § 2241 Petition was unexhausted. *Id.* at 1 ("I now realize that I should have exhausted all state remedies before addressing your court."). It also poses two questions and requests "a letter advising [Petitioner] what [he] should do next[.]" *Id.* First, although the Court accepts that Petitioner submitted the document in good faith, correspondence addressed to judges is generally not appropriate. *See, e.g., In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073 (S.D. Ga. 2000). Moreover, no judge or other court employee may provide legal advice, even to *pro se* litigants. *See, e.g., Landry v. Davis*, 2009 WL 274242, at *4 (D. Kan. Jan. 26, 2009) ("Federal courts may not provide legal advice to a pro se litigant, just as they may not provide legal advice to a party represented by an attorney."). As to Boles' question concerning the state of this case, the Court trusts that this Order speaks for itself. Any comment concerning his question about future petitions or proceedings "once [his] state petition is answered or reviewed," would be inappropriate.

the Report and Recommendation, (doc. 5), as its opinion and **DISMISSES without prejudice** Petitioner's Petition for Writ of Habeas Corpus, (doc. 1), as unexhausted.

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED** this ___7___ day of December, 2023.

LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA